Good morning, Honorable Judges of this Court. Bruce Lichty appearing on behalf of the sister and brother appellants in this case. And I will reserve five minutes for a vote. Try to help you. Thank you. My clients and I are asking in this case for the appellate tribunal to do two things that are essential to the just and proper functioning of both judicial and legislative branches of our government. First, we're asking the court to ensure that the federal courts give due deference to the legislative branch when it enacts legislation and not to impose its own policy concerns, however legitimate, whether they be inherited or current, on the plain meaning of what Congress has enacted. That will mean here that the district court decision has to be reversed because the court improperly read 8 U.S.C. section 1429 to impose limits on its own authority to determine That's the language about the attorney general, right? It didn't include the district court. Correct. It doesn't include the district court, as recognized in De Laro Bellaharo. So, basically, the authority in that statute is limited only under certain circumstances where there has been delay by the executive branch. Well, the authority exists where there has been delay, and it's only limited in certain circumstances, which are not applicable here. Second. That would require that we reach a conclusion different than other circuits have reached, correct? Well, I don't think it requires, well, I think, yes, in answer to your question, with regard to the second of our arguments, with regard to this, the promulgation of the regulation, it would require that this court take a stance that is directly contrary to the clean K-L-E-N-E versus Napolitano case. But I don't believe that this exact factual pattern has been faced by any other court. What about Alhani versus Chertoff, the Second Circuit case? Does that, isn't that, doesn't that deal with the issue that you're talking about? Or is that only on the regulation? I don't, I'm not sure if that was on the regulation, but in my, to the best of my memory, that did not deal with the interplay between 1447B and 1429. My recollection was that this, this is a case of really first impression with regard to that. Or at least the reasoning in Alhani was not made clear sufficient to preclude the reasoning that I am, the argumentation that we're making here. But to get back to this, this point about what I think is essential to be done to preserve the functions of judicial legislative branches, I think this Court must not hesitate to correct the executive branch when that branch exceeds its authority and propounds a regulation which cannot be reconciled with the statutory enactments which it purports to interpret. And that may not happen often, but it did happen glaringly in this case, in the case of 8 CFR 318.1. So the lower court here would allow departments. Now we're looking at the statute is 1429, right? And you're talking about the interpretation of a removal proceedings pursuant to a warrant of arrest. Am I understanding that correctly? That's correct. Okay. Right. So what we see happening here is that the lower court would essentially allow the Department of Homeland Security to usurp the rightful functioning of the Federal District Court in cases where there has not been a warrant of arrest. Congress did not provide in that case for any authority to be stripped, whether or not it be construed as just the Attorney General's authority or the Federal Court's authority. Legally, what's wrong with the regulation that equates a warrant of arrest and notice? Well, I think it goes against all standard dictionary definitions and also against statutory and regulatory definitions of what a warrant of arrest means. For the Department of Homeland Security to come in and say, well, a notice to appear is going to be deemed to be a warrant of arrest for the purposes of that statute. It's simply impossible because warrants of arrest and notices to appear are separate terms of art that are used in the statutes and the regulations. They mean different things. And Congress presumably had some intent to strip authority of the Attorney General, we believe, only in the case where there was a warrant of arrest. Not any removal proceeding is initiated by a notice to appear. So they wouldn't have even had to use limiting language had they intended for authority to be stripped in all removal proceedings. Does the relevant statute define the term warrant of arrest? The relevant statute itself does not. Okay. So it says, let's see, warrant of arrest issued under the provisions of this chapter or any other act. So what's a warrant of arrest issued under, I guess it's Chapter 12 under the immigration law? Does the rest of Chapter 12 give us insight into that? Excuse me. I guess all I would say is that I don't see anything in the whole chapter which would allow a warrant of arrest to be construed as a notice to appear. A notice to appear is just a generic term that applies to persons who are removable but not arrestable, not subject to arrest. But that is certainly one very reasonable approach to it. But the reality is that since the law in question does not define the term warrant of arrest, do you agree that in certain settings it could be ambiguous? In other words, that reasonable people could look at that and not be clear as to what Congress had in mind by that term? Your Honor, I don't agree that it could be ambiguous in the sense that it could be sufficiently ambiguous to include the term notice to appear. Well, that's a separate issue. The question here is, is it ambiguous? What I'm looking at, of course, is Chevron. In other words, do we get to a Chevron situation here where the agency that is charged with enforcing the law and has expertise in the area is authorized to construe its meaning? I think one would be hard-pressed to say that there is ambiguity in the term arrest. I think just as a general principle— Not arrest, a warrant of arrest. Well, even warrant of arrest. How would you define warrant of arrest? A warrant of arrest is a specific document that the government has to issue in order to show the arresting party that there is cause for arrest. Okay, so if the Department of Homeland Security says that a notice to appear is a document issued by the government that tells them that they need to appear at a certain time in a certain place. And appear is a totally different thing from arrest. But do you have it right in terms of what a warrant of arrest is? You described it in terms of notice to the person to be arrested. Doesn't the statute in 8 U.S.C. 1226a, it's not a definition, but it says on a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. That's more an empowering document for the arrest to take place. Exactly. I didn't mean to imply it was a noticing document at all. I don't believe it is a noticing document. I believe it's a document that entitles the holder to arrest or shows cause why that person should be arrested. Not necessarily the alien himself or herself. And then elsewhere in the statute at 1229a1, it speaks of written notice, saying that in removal proceedings, written notice, notice to appear, shall be given in person to the alien. That's a different instrument. Exactly. That's our point exactly. I believe that if any fair reading of the legislation and the regulations is going to come to that conclusion. And I don't think you even get to Chevron. I certainly don't believe that you even get to Chevron because there's not sufficient ambiguity here, as I've already briefed. What about this question of whether or not there would have to be, well, I mean, this policy question about race to the courthouse, which some courts have been concerned about. I'm not saying that that is an illegitimate consideration. I'm simply saying that it is a concern first expressed in the 1955 case, which may not be, may not have been a primary consideration of Congress when it enacted section 1429 now. And in fact, it may be a legitimate consideration, but it has to yield to the plain meaning of the statute. So regardless of what one does with the regulation, if the statute itself says, well, we're only going to limit the authority of the attorney general or even the court, if one reads it that broadly, which I don't think it can be read that broadly, under certain circumstances, that means that Congress already resolved that policy in that form. And it's perfectly reasonable that they would have done so because maybe they were concerned if the executive branch is delayed, that decision should be taken out of its hands. If we agree with you on the issue that you've just discussed with respect to 318.1, the regulation, and that this doesn't really come within 1429 because it was not a, there wasn't a warrant of arrest in this situation, that it's only a notice to appear and only the regulation brings it into 1429, and if the regulation is impermissible, then it's not within 1429. Correct. If we agree with you on that, should we reach this second issue? I, of course, would like to see the court reach both issues. I don't think it's necessary to a holding that would give, that would reverse the lower court decision and give my clients a fair shot at naturalization in front of the district court. But I did, I mean, yeah, that's beyond my pay grade, I guess, at this point to say if the court has to address that, and I'm going to reserve the rest of my time. Very well. Thank you. Good morning. Good morning. Timothy Belson on behalf of the Federal Defendants in Napolese. Your Honors, the parties agree on the sole dispositive fact on appeal. The gifts are currently in removal proceedings based on evidence that they obtained their lawful permanent residence status by way of their father's marriage fraud. In light of that fact and in light of section 1429 and this Court's decisions in Bellaharo and Hovsepian, the district court correctly held that it lacked the ability to issue the remedy appellants requested. But that's only if we're within 1429 by virtue of the regulation at 318.1. Because this, there was no warrant of arrest here, right? Well, we would disagree with that, Your Honor. There was a notice to appear that by virtue of the regulation is treated as a warrant of arrest. That's correct, Your Honor. We would submit that that is adequate. There is no definition under the statute for warrant of arrest. And we would submit that that is not an unambiguous or unambiguous. But the statute speaks of, in various places, of both a warrant of arrest and a notice to appear, serving different functions, being different things. And there is even other regulations that treat them differently and almost define them differently. But, Your Honor, why isn't that enough? Well, Your Honor, to the extent that there are, there is the possibility that the Department of Homeland Security could choose to use two different forms to accomplish different things. That does not preclude the Department of Homeland Security from consolidating those for economical or efficiency reasons. It does if Congress has said under 1429 that it's only applicable when there's a warrant of arrest issued under the provisions of this chapter. Well, respectfully, Your Honor, I would suggest that that only applies to the extent that Congress said this is what a warrant of arrest is. Congress has said if there's a warrant of arrest, then we're in 1429. And here, the definition promulgated by the agency is that a notice to appear also covers the warrant of arrest issue. Doesn't 1226A say that? So the 1429 makes clear it's a warrant of arrest issued under the provisions of this chapter. And then 1226A, which is apprehension and detention of aliens, under A says arrest, detention, release, and it says on a warrant issued by the Attorney General, an alien may be arrested. I mean, it seems pretty clear that that's the warrant of arrest for purposes of Chapter 12. Why doesn't that be issued under the provisions of this chapter? Why doesn't 1226A define what is meant by a warrant of arrest issued under Chapter 12? Well, respectfully, Your Honor, the Department of Homeland Security has authority to detain pre-removal proceedings, so during the pendency of removal proceedings. It does not often or often it chooses not to detain an individual, as it's done in this case. But that doesn't mean that by issuing a notice to appear, which by regulation covers both, that it couldn't do so in a given case. Here, the ---- Is there any support for that other than the regulation issued by the Department? I mean, everything I've seen in the statute and even, as Judge Bates said, the other regulations indicates there are two different items. And also, wouldn't that make the language superfluous? It says, if there's pending against the applicant a removal proceeding, you could just stop there because every removal proceeding commences with the issuance of a notice to appear. Your Honor, I would suggest that if the Department of Homeland Security had chosen to go a different route and had chosen to say, we are going to issue two different forms addressing this issue, then yes, that would work. But here, the Department of Homeland Security has operated to or has chosen to promulgate a regulation saying, we're doing this in every case. There are two different forms. Isn't there a notice to appear in DHS form I-862 and a warrant of arrest in DHS form I-200? They're two different forms, aren't they? Here, Your Honor, the regulation, we believe, addresses that issue. So a notice to appear here would be a warrant of arrest. So your assertion of ambiguity is that the Department could take a phrase that has an understood meaning and interpret it to mean something different and that the DHS would have that power. I mean, that's all I'm hearing here. Well, Your Honor, we don't think that that has an understood meaning. We would look at the Leal-Felix case from the Ninth Circuit in which the court had to look at what the definition of arrest was for purposes of the sentencing guidelines. Judge Bennett's dissent goes into great detail about how arrest does not have Here we're looking at the immigration law, so I don't think Leal-Felix is really applicable here. Respectfully, Your Honor, I think the question is whether warrant of arrest is unambiguous. In the context of the immigration law, right? That's correct. Okay, is there an immigration case that says we don't know what an arrest warrant is in the immigration context? Well, Your Honor, I think every case that has addressed this has found that a notice that the regulation addresses this and adequately satisfies the requirements  That's the same, right? The Klenek case from the Seventh Circuit directly addressed this a couple years ago. And have we addressed it? I'm not aware of the Ninth Circuit directly addressing the question. Your Honor, what was the rationale or the reasoning given by the Seventh Circuit? The Seventh Circuit noted that although a word could have a meaning elsewhere, that there's nothing that precludes the Department of Homeland Security from defining the terms for purposes of immigration law. Did it look at the different terms that we've mentioned in the statute? I don't believe that it specifically broke down by statute or by regulation all of the Did it look at the different regulatory terms that are inconsistent with 318.1? Well, we don't necessarily agree that they're inconsistent, but to the extent that you've identified them, I don't believe that it walked through all of those different regulations or statutes. Your Honors, we would cite to Bellaharo and Hosepian. In Hosepian, this Court, in determining whether or not jurisdiction under 1447B was exclusive or concurrent, noted that 1421C and 1447B required the Court, quote, to undertake the same analysis that it must make. With regard to that, that equates the two statutes, 1447B and 1421C, the type of inquiry the Court engages. There, the Court looked at it and noted that they were both hearings. They were both de novo and that it was essentially the same inquiry. The only difference was when it came to the Federal District Court. Did it come after denial under 1421C or did it come after a delay under 1447B? But, Counsel, 1429, which is slightly different, refers only to the Attorney General's role and not to the District Court. Wouldn't that analysis also apply in 1447B? Absolutely, Your Honor. And Bellaharo addressed that. Bellaharo, the Ninth Circuit, noted that. Bellaharo was on 1421C and when there was a final decision. Here, there wasn't a decision, right? That's my understanding. Instead of deciding that or determining the application, they instead issued a notice to appear. That's correct, Your Honor. So there was no decision. So the plain language of 1447B would be applicable, right? That there was no decision. Yes, Your Honor. So factually, what happened was toward the end of the 120-day period, the notices to appear were issued and under 1429, USCIS is precluded from considering the application. If they had issued the denial of the application on the same day, on the 120th day, then the District Court would be in the situation in Bellaharo where it would be reviewing a denial that was made within the 120 days and the denial was on account of the Attorney General commencing removal proceedings and would have affirmed it because that's what the law says. But here, that didn't happen. The DHS, instead of making the determination and denying it on the basis of 1429, did nothing. And so the 120 days has passed. It seems like 1447B is directly applicable by its plain language. Why isn't that the case? Your Honor, we're not disagreeing that 1447B applies here. I would note, though, that 1429 precludes USCIS from issuing a decision once removal proceedings happen. It doesn't preclude the Court from doing so. Well, Your Honor, I think Bellaharo speaks to that. I recognize that Bellaharo... I didn't see Bellaharo saying anything about 1447B. Your Honor... I was looking at 1421C. That's correct. We recognize... Oh, different language. Didn't address this issue. Well, that's where we believe Hosepian speaks to the issue. Hosepian says that the channeling is different, but that the inquiry and what the District Court is doing, whether under 1447B, because of a delay in no decision, or what it is doing under 1421C, where there has been a final administrative decision, is exactly the same inquiry. But we obviously have to follow the language of the statute. Hosepian left open this question. Hosepian was looking at whether there was exclusive jurisdiction in the District Court and held that there was, that the agency couldn't then make a competing decision. So I didn't see that Hosepian helps us with the plain language of 1447B. So let's turn to the plain language of 1447B. So this says that if there was a failure to make a determination under Section 1446 before the end of the 120-day period, on the date of which the examination is conducted, which is the case here, then the District Court has jurisdiction and may either determine the matter, in other words, the application, or remand it with instructions. So I don't see anything that would prevent the District Court from exercising its jurisdiction in the language of the statute. So do we have to read in language? Is that what you're suggesting? Your Honor, I'm suggesting that 1429 is brought into play. So if there was no... Well, where is that in 1447B? Where does it cross-reference 1429? It doesn't cross-reference 1429. And where in 1429 does it deprive the District Court of its jurisdiction when there wasn't an actual final order of removal? Your Honor, it does not speak... 1429, the government acknowledges, does not speak to the District Court's jurisdiction, as recognized in Bellaharo, which dealt with the corollary in 1421C, not in 1447B. But nonetheless, in Bellaharo, the Court recognized that it did not preclude the District Court's jurisdiction. What Bellaharo recognized was that when 1429 is implicated because there are removal proceedings pending against the individual, that precludes the relief of granting the application during the pending of the removal proceedings. And because Hovsepian equates the two extensively... That was a denial. That was a denial. It says you may seek review of such denial before the District Court. And Bellaharo said the denial is by the agency here because of the removal proceedings. And so it just applied the plain language of the statute. I can't see why the fact that it applied the language of a different statute has any bearing on 1447B. So maybe you can explain that. I apologize, Your Honor. I'm clearly not explaining it eloquently. 1421C, when there has been a denial, allows the District Court, upon an application by the individual seeking naturalization, to do de novo review... Of the denial. ...of the denial. But the Court can make its own findings of fact and make its own conclusions of law. It basically re-evaluates the N400, the naturalization application. 1447B, which applies when there has been a delay, allows the District Court to do the exact same thing... ...without there being a decision by the agency in the first instance. So it sort of short-circuits the initial administrative consideration. But what Hovsepian did when looking at these two statutes, and specifically if you look at footnote 16 in the Hovsepian decision, as well as the pages surrounding the footnote, it talks extensively about how these are exactly the same analysis. The District Court is considering, under 1421C and 1447B, the exact same thing, whether an application should be granted, and it's not deferring in any way, whether there's been a denial or not, to the administrative agency. Now, we recognize that there's no directly controlling precedent because Bellahara was indeed in the 1421C context. But nonetheless, excuse me, nonetheless, given the fact that these are the same analysis as this Court has previously held, and it's just a matter of how it gets to the District Court in the first instance. That, we believe, leads to the natural conclusion that this Court should reach in this case, which is that just like in Bellahara, where it held that because of 1429 and because of what Congress was doing there, the District Court did not have greater jurisdiction than the Department of Homeland Security. How would you have us read 1447B? What would it say with your interpretation? Your Honor, we would not change the language of 1447B. We are simply noting that under 1429, which becomes, which we have to consider, given the fact... Well, how can the Court not have jurisdiction if you're not changing 1447B? It says the District Court has jurisdiction and may determine the matter, meaning the application, or remand it with instructions. So the District Court, therefore, had the obligation to review the YIF's application, determine the application, or remand it to the agency with instructions. So I'm taking it that you don't want us to do that. So I'm saying, how do I read that? How would I read that language to reach the result you're looking for? Well, Your Honor, I see my time is running out. I'd like to address that question if I can. With regard to the second part of the language, which talks about remand, that is clearly precluded by 1429. So we wouldn't change the language of 1447B. We would acknowledge that Congress, in another statute, said that, for instance, the agency may not consider the application, may not rule on the application while removed proceedings are pending. And we think it would be incorrect to simply omit any reference or consideration of 1429. We think that the Court's tact taken in Bellaharo, which was under 1421C, but is instructive, nonetheless, for this same inquiry that we're doing under 1447B. And we would suggest that Elhani and that Saba Bakari, also from the Fifth Circuit, do advise on this issue. Thank you, Your Honor. Thank you. Counsel, you have some rebuttal time. Thank you. The first thing I need to do is correct myself because Elhani, as I look at it, is a case that this panel would need to expressly disagree with if it ruled in favor of Appellant's on the first argument. But the grounds that Elhani stated for saying that 1429 stripped the jurisdiction of the District Court as well as the Attorney General is this whole race to the Court argument, which I've already addressed and which I addressed at pages 22 to 24 of my brief. There's a lot of language in Elhani which just simply begs the question. It does not deal so much with the plain language of the statute as it does with this perceived policy, which I think Congress already resolved by the language that it chose in section 1429. As far as Hosepian goes, we simply believe that that's not controlling on these facts and would not be dispositive. Counsel suggested that the mere authority to detain that the Homeland Security Department has would be sufficient to conflate these two terms. We believe that the language of course precludes that and of course there are good reasons here why a warrant of arrest was not issued because my clients had no criminal record. They had no hint of culpability and even if one credits the government on the events that supposedly happened back when they entered the country, they were 11 years and 14 years old at that point. So obviously there's not going to be a warrant of arrest here and that's precisely why this kind of a case needs to be read so that a district court still does have not only jurisdiction but authority. We believe that there is a distinction between those two concepts but authority to determine their case when the executive branch has delayed it. And not only did the executive branch delay a decision on their case here, they knew in 2011 that there was apparently some sort of a problem. The stepmother had made a statement of a sham marriage but didn't act until a long time had passed after my clients had applied for citizenship. Then on the 120th day after examination is when they plunked them into removal proceedings which suggests games playing on the part of the government I believe. And with regard to this question about remand which comes up in section 1429, we would agree that if that provision is stated so broadly as to include the district court which we don't believe it should be that then remand would be precluded as well based on De La Hara but it is possible for a court to determine the case and not remand. That's what 1447 allows and so... How do we deal with 1421A which says that the sole authority to naturalize persons' assistance of the United States is conferred upon the Attorney General? It says sole authority it doesn't give any authority to a district court. Quite frankly I think that has to be read in tension with what is done in section 1447B where it says the district court is allowed to determine the naturalization application. I don't see any other way around that if there is a conflicting statute. The Attorney General might in fact have to do the administrative conferring of citizenship but the district court gets to determine that they are qualified for citizenship and maybe it has to wait then until after the removal proceeding. I know the Eastern District last year I think suggested that there is the possibility that applications for citizenship could be brought after the conclusion of removal proceedings. I didn't cite the case in my briefs but I think it's the Kovacevic case. So there is that possibility too that maybe an act would have to wait until after removal proceedings but there is no point in removal proceedings if the judge has ruled in favor of their citizenship. Counselor, time is up. Let me ask my colleagues if either of them has additional questions. We thank you both counsel for your argument in this case. The case just closed. Thank you.
judges: M. Smith, Ikuta, Bates